78 F.3d 586
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gary L. KELLAS, Plaintiff-Appellee,
v.
Howard A. PETERS, et al., Defendants-Appellants.
 No. 94-2826.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 28, 1996.*
Decided March 5, 1996.
 
 Before CUMMINGS, BAUER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Gary Kellas is an inmate in the custody of the Illinois Department of Corrections (DOC). In 1987 he was charged with and found guilty of various institutional rule violations by a disciplinary Adjustment Committee at the Menard Correctional Center. The committee punished him with 360 days in disciplinary segregation, 360 days demotion to "C" grade,[1] and the loss of 360 days of good time. Kellas grieved the disciplinary finding and appealed the denial of his grievance to the DOC Administrative Review Board without success.
 
 
 2
 In 1989 Kellas brought the present suit pursuant to 42 U.S.C. § 1983, charging that the defendants violated his procedural due process rights. He alleged that he was unable to prepare a defense because he was not given 24-hour notice of the charges against him, as guaranteed by Wolff v. McDonnell, 418 U.S. 539, 564 (1974).[2] He demanded $2.5 million in compensatory and punitive damages. Kellas consented to the district court's referring the cause to a magistrate judge for trial pursuant to 28 U.S.C. § 636(b)(1)(B), provided that the magistrate judge would issue a report and recommendation subject to the district court's final approval.
 
 
 3
 The magistrate judge determined that Kellas had not been given proper notice and recommended awarding him one dollar in nominal compensatory damages, vacatur of the Adjustment Committee's decision, and injunctive relief directing the defendant Howard Peters to either expunge the adverse finding from Kellas's file or provide a new disciplinary proceeding.[3] The district court adopted the magistrate judge's findings and recommendations, but further directed the restoration of Kellas's good time and increased the compensatory award to $1000.
 
 
 4
 The sole ground of defendants' appeal is that the district court erred when it increased Kellas's compensatory award to $1000. The defendants argue that Kellas failed to present any evidence establishing his actual damages, such as a description of the living conditions in disciplinary segregation, and thus the district court's award was speculative. They cite the Supreme Court's rejection of presumed damages for procedural due process violations in Carey v. Piphus, 435 U.S. 247, 263-64 (1978). The Carey Court explained that although such injuries are actionable, recovery is limited to nominal damages of one dollar in the absence of proof of actual injuries. Id. at 266-67; see also Ustrak v. Fairman, 781 F.2d 573, 578 (7th Cir.1986) (conclusory allegations of conditions in disciplinary segregation are insufficient to prove actual damages).
 
 
 5
 Having carefully examined the record, we agree that Kellas failed to show any actual injury flowing from the denial of procedural due process. Accordingly, we affirm the district court's judgment in favor of Kellas, but modify the award of damages to one dollar.
 
 
 6
 AFFIRMED AS MODIFIED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement has been filed, and the appellee has failed to file a brief. Therefore, the appeal is submitted on the appellant's brief and the record
 
 
 [1]
 Prisoners demoted to "C" grade "receive no privileges except yard and commissary." 20 Ill.Admin.Code § 504.130(a)(3)
 
 
 [2]
 The 24-hour notice requirement is also codified in section 504.80 of the Illinois Administrative Code
 
 
 [3]
 The court held defendants Ticer, Morris, Bogan, and Tressler liable for the violation of due process, and entered judgment in favor of defendants Lane, Tinsley, Varner, and Zempel